The judgment of the court was pronounced by
Eustis, C. J.
This is an action for damages resulting from the wrongful issuing of a writ of sequestration, on the part of Spaulding against a crop of cotton belonging to the plaintiff. Phillips was the surety on the bond, by the amount of which his responsibility to the plaintiff is of course limited. The demand against the principal in the present suit exceeds that amount. The judgment of the district court was against the defendants in solido for $370 32 with interest; the latter have appealed.
The appellee, in his answer on the appeal, has asked that the judgment be changed so that he recover the whole amount of the sequestration bond against both defendants, with an additional sum against Spaulding.
On the 19th of November. 1846, Spaulding instituted a suit against Doherty for the sum of $299 90, in which he claimed a privilege on the crop of Doherty’s plantation; the debt being for supplies furnished. Patterson, the plaintiff, had bought the plantation at sheriff’s sale on the 6th of June previous, and was in possession of it. Under the writ of sequestration in Spaulding’s suit, the *172 cotton made on the plantation was seized by the sheriff, who retained possession of it until the suit was divided in July, 1848. By the judgment, Spaulding recovered his debt against Doherty ■; but the suit was dismissed as to Patterson, the present plaintiff, he having been made a party defendant, and contesting the privilege claimed by Doherty on the crop.
The condition of the bond is, that if the said Spaulding shall prosecute the said sequestration with effect, or shall pay and satisfy all such damages and costs as the said Doherty and the said Patterson shall sustain, by the wrongful suing out of the same, then the obligation to be void; otherwise to remain in full force, &c.
The crop of cotton, forthe seizure and detention of which damages are claimed in this suit, had been previously seized under a writ of sequestration issued at the instance of J. B. Byrne- Sf Co., but had been bonded by the present plaintiff, Patterson. It was accordingly restored to the possession of Patterson, he giving bond to deliver it to the sheriff when, called upon so to do. This took place on the 19th of October, 1846. In December following, the plaintiffs in that suit, Byrne Sf Co., refusing to try their case, Patterson applied to the court for leave to surrender the cotton in discharge of his bond, which was granted, and the cotton was delivered to the sheriff and the bond of Patterson ordered to be can-celled. It was retained by the sheriff until it was again bonded by Patterson, on the 24th of August, 1848, after the judgment was rendered in that suit. That judgment gave the plaintiffs Byrne Sf Co., a privilege on the crop for $85 44 with interest, and was rendered on the 5th July, 1848; the same day on which the judgment was rendered in Spaulding’s case.
Thus, by the act of the plaintiff, the cotton was placed in the custody of the sheriff under the original seizure in Byrne Sf Co.’s suit, and was so retained by the sheriff until after the termination of that suit.
The writ of sequestration in Spaulding’s case, for the issuing of which damages are claimed, was levied on the 19th of November, 1846, after the cotton was bonded by Patterson, .and before its return under the order of the court to the sheriff. We infer, from the control Patterson had of the cotton, that it was not removed from the plantation, but was in his possession under the seizure made by the sheriff as the bailee of that officer.
The damages claimed by the plaintiff in this action, and which he has recovered in the district court, result from the depreciation in the price or value of cotton from the time of the seizure in November, 1846, until July, 1848, when the seizure of Spaulding was removed by the decision of the court against him. Conceding that he would be entitled to recover them had the cotton been retained by the sheriff under Spaulding’s writ alone, the present case is materially different. The cotton was, by the act of the plaintiff himself, delivered up to the sheriff to be held by him under process, which took precedence of that of which he now complains. In Spaulding’s case, the present plaintiff urged as one of the grounds on which the writ of sequestration ought to be set aside, that the cotton was then held by a writ of sequestration at the suit of Byrne Sf Co. This appeal's in a motion made by him to that effect in June, 1847. The seizure under Spaulding’s process alone, only lasted about a month or two, until the delivei'y of the cotton to the sheriff by the plaintiff on the cancelling of his bond ; and there is no evidence of fall in the price of cotton during that time, for which it appeal's to us the defendants would be responsible to the plaintiffs. As to the time during which the cotton was held under the surrender of the cotton by the plaintiff on the previous seizure of Byrne Sf Co., and the writ of sequestration by *173 Spaulding, the question of their responsibility rests upon principles entirely different.
We hnderstand the law to be, that when property is seized under one writ, if the sheriff receive a second, the first levy is sufficient for both writs, and that the receipt of the second is a constructive levy. If the first writ is superseded, the property may be held under the second. Cresson v. Stout, 17 John. R. 116. Van Winkle v. Udull, 1 Hill R. 559. Gwinne on Sheriffs, 213.
What Patterson 's right to claim damages from the defendants would have been had the cotton remained under the first sequestration, and been levied upon after-wards under Spaulding’s writ, is not before us. The voluntary surrender of the cotton by the plaintiff to .the sheriff, to be held by him under the previous seizure under Byrne Co.’s writ, rendered the second seizure merely constructive, and the writ merely authorised the retention of the property which was held by the seizure which the plaintiff himself revived, in the event of the latter being superseded.
The plaintiff himself has created a state of things which prevents his recovery of any thing but nominal damages from the defendants for the acts of the sheriff under the writ of sequestration. As these damages would be less thau the constitutional amount for which civil actions can be maintained in the district court, and as the plaintiff had no reasonable ground to believe that any thing but nominal damages could be recovered, we do not think he is entitled to a decree in his favor in this court.
The judgment of the district court is therefore reversed; and the plaintiff’s petition dismissed, with costs in both courts.